|   |   |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CASE NO. CR06-0192C |
| RAFAEL DIAZ LAUREANO, | ORDER |
| Defendant. | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

This matter comes before the Court on Defendant's motion for revocation of a detention order. (Dkt. No. 32.) Having carefully considered the papers submitted by the parties, the digital audio recording of the original detention hearing, the existing detention order, the original and supplemental Pretrial Services Reports, the charges in the Indictment, and the arguments presented during a hearing on this matter, the Court DENIES Defendant's motion for the following reasons.

Defendant is a 55-year-old American citizen born in Puerto Rico. He has lived alone in Los Angeles for the past three years, and has been unemployed for at least seven years. He is on general relief, receives food stamps, and lives in rent-controlled HUD housing. He sees a psychiatrist monthly and takes prescription sleeping pills. Along with seven alleged co-conspirators, Defendant is charged in Count 1 of the Indictment with a conspiracy to obtain and use counterfeit bank cards in violation of 18 U.S.C. § 1344. Defendant is alleged to have engaged in a single overt act in furtherance of the conspiracy: after receiving a counterfeit card from a co-conspirator, Defendant allegedly used the card to obtain a cash advance of $2,088.99 at a casino in Colorado.

ORDER – 1

Defendant seeks an order revoking Magistrate Judge Donohue's detention order and releasing him on the conditions proposed in the Presentence Report. Under 18 U.S.C. § 3145(b), such motions must be determined promptly" via the district court's *de novo* review of the entire record. *Id.*; *United States v. Koenig*, 912 F.2d 1190, 1191, 1193 (9th Cir. 1990) ("[The district court] should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference."). Thus, the Court must review the entire record to determine for itself whether the government has met its burden to show by clear and convincing evidence that "no condition or combination of conditions [of release] will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(A).

The government requested detention in this case based on "a serious risk that [Defendant] will flee" if released, as well as the "economic danger" that Defendant's past and currently charged conduct poses to the community. 18 U.S.C. § 3142(f)(2)(A). In evaluating anew the government's request, the Court must consider the factors laid out in § 3142(g), including (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence against [Defendant]"; (3) "[Defendant's] character, physical and mental condition, family ties, employment . . . past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." 18 U.S.C. § 3142(g)(1)–(4).

Viewing the entire record in this matter in light of the statutory and legal authority above, the Court finds that the government has satisfied its burden under § 3142(f)(2)(B) to show by clear and convincing evidence that no combination of conditions would ensure the safety of the community or assure Defendant's appearance at future proceedings were he to be released. Specifically, the Court's decision is driven by (1) "the nature and circumstances of the offense charged," (2) Defendant's "past conduct," and (3) "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." 18 U.S.C. § 3142(g)(1), (3), (4). The nature of the economic crimes

ORDER – 2

charged in the Indictment are such that monitoring or preventing additional conduct would be very difficult, especially given Defendant's previous involvement in these activities.  Moreover, Defendant's family, economic, or other community ties to this district are nonexistent, and his ties to the Central District of California are insubstantial at best.

The Court is cognizant of Defendant's mental-health history and his need for affordable housing. The proper inquiry under the Bail Reform Act, however, is whether there are conditions of release that can adequately protect the community and reasonably assure Defendant's future appearances.  On this record, the Court finds that there are no such conditions.  Accordingly, Defendant's motion for revocation of Magistrate Judge Donohue's detention order is DENIED.

SO ORDERED this 7th day of June, 2006.

/s/ John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER – 3